**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brent Baker, et al., | No. CV-23-08051-PCT-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

**I.   GROUNDS FOR DISMISSAL**

Plaintiffs Brent Baker and Jennifer Baker filed an Application for Leave to Proceed in Forma Pauperis. (Doc. 2.)  If Plaintiffs are to proceed in Forma Pauperis, the Court must review the Complaint (Doc. 1) to determine whether the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Furthermore, a pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  Relief in the alternative or of several different types may be demanded.  Fed. R. Civ. P. 8(a)(3).

While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id*. at 557.

Here, Plaintiffs fail to state a claim on which relief may be granted. Plaintiffs bring suit against the State of Arizona, Judge Rick Williams, the Arizona Department of Child Safety ("DCS"), and DCS employees David Lujan, Gale Lester and Natile Taylor. (Doc. 1 at 2.) Plaintiffs assert claims under the First, Fifth, Sixth, and Seventh Amendments of the United States Constitution, as well as state claims under A.R.S. §§ 13-1202 and 13-3623. (*Id.* at 3.) Plaintiffs assert that they have been denied communication and visitation with their children, who have suffered alleged harms such as rape, physical abuse, dog attacks, and being forced to wear diapers while in DCS custody. (*Id*. at 4–5.) Plaintiffs further assert allegations that Defendants acted on discriminatory motivation. (Doc. 1-1 at 3–4.) Plaintiffs request immediate custody of their children and monetary damages of at least 2 million dollars for the harms alleged. (Doc. 1 at 4–5.)

Plaintiffs allege the Court has federal question jurisdiction. (*Id.* at 3.) However, the Complaint does not specify which federal law allows redress for these alleged constitutional violations and claims. *See, e.g.*, 42 U.S.C. §§ 1981, 1983. Additionally, Plaintiffs do not specify what specific constitutional violations they raise, the facts

surrounding the violation, and which Defendant committed each alleged violation—besides under the Fifth Amendment, which does not apply here.[1]

Furthermore, the Court notes that if Plaintiff is indeed attempting to bring claims under § 1981 and § 1983 to recover monetary damages, then sovereign immunity under the Eleventh Amendment precludes such suits from being brought against state agencies and state actors named in their official capacity—although such suits can be brought against actors in their individual capacities. *See Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1188–89 (9th Cir. 2012). Likewise, the State of Arizona may not be sued under § 1981 or § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."); *see also Pittman v. Or., Emp. Dep't*, 509 F.3d 1065, 1074 (9th Cir. 2007) (holding § 1981 "does not contain a cause of action against states").

## II. LEAVE TO AMEND

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (cleaned up). Plaintiffs' amended complaint must address the deficiencies identified above and should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure. Within twenty-one (21) days from the date of entry of this Order, Plaintiffs may submit an amended complaint. Plaintiffs must clearly designate on the face of the document that it is the "First Amended Complaint." The amended complaint must be

---

[1] Plaintiffs did allege that Jennifer's Fifth Amendment rights were violated when Defendant Lester "demanded Jennifer confess to a crime she did not commit or would have her children placed up for adoption." (*Id.* at 1-1 at 3.) Plaintiffs may not raise this claim under the Fifth Amendment because this is a civil case. *See United States v. Hulen*, 879 F.3d 1015, 1018 (9th Cir. 2018) ("[T]he Fifth Amendment provides a right against compelled self-incrimination, but that right only applies when a compelled statement is used against a defendant in a criminal case." (cleaned up)).

retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.

The Court draws attention to the District of Arizona's Federal Court Advice Only Clinic, Federal Court Advice Only Clinic - Phoenix | District of Arizona | United States District Court (uscourts.gov). The Court also notes the E-Pro Se program which assists litigants with creating a complaint form, Welcome - eProSe (uscourts.gov). Lastly, the Court advises Plaintiffs that certain resources for self-represented parties, including a handbook and the Local Rules, are available on the Court's website, www.azd.uscourts.gov, by following the link "For Those Proceeding Without an Attorney."

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' Complaint (Doc. 1) is dismissed without prejudice.

**IT IS FURTHER ORDERED** granting Plaintiffs leave to amend within twenty-one (21) days of this Order.

Dated this 23rd day of March, 2023.

*[signature]*

Honorable Susan M. Brnovich
United States District Judge